Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 2772 | DATE | 7/10/2001 |
| CASE TITLE | Abbott Laboratories vs. CVS Pharmacy, Inc. et al (01 C 2772) Glaxo Wellcome, Inc. et al -v- CVS Pharmacy, Inc. et al (01 C 2784) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/9/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motions (Doc 6-1 in 01 C 2772, and Doc 12-1 in 01 C 2784) to dismiss the complaints in the above-captioned actions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | Document Number |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 11 2001 date docketed |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | date mailed notice |
| SCT | courtroom deputy's initials | mailing deputy initials |
| | Date/time received in central Clerk's Office | |

FILED FOR DOCKETING
01 JUL 10 PM 3:51

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ABBOTT LABORATORIES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 01 C 2772 |
| CVS PHARMACY, INC., CVS CORP., and CVS REVCO D.S., | ) | |
| Defendants. | ) | |
| GLAXO WELLCOME, INC., MERCK INC., and ZENECA, INC., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 01 C 2784 |
| CVS PHARMACY, INC., CVS CORP., and CVS REVCO D.S., INC., | ) | |
| Defendants. | ) | |

DOCKETED
JUL 1 1 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants' motions to dismiss the complaints in the above-captioned cases. For the reasons set forth below, the motions are denied.

## BACKGROUND

In the early 1990s, tens of thousands of retail pharmacies of various sizes filed suit against virtually all of the leading manufacturers and wholesalers of brand name prescription drugs, alleging *inter alia* violations of the federal antitrust laws. Pursuant to orders of the Judicial Panel for Multidistrict Litigation, the cases were consolidated in this Court for coordinated or consolidated pretrial proceedings as In re Brand Name Prescription Drugs Antitrust Litigation, Civ. No. 94 C 897, MDL 997 ("MDL 997"). In late 1994, we certified a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class"). CVS Pharmacy, Inc. ("CVS Pharmacy"), is a member of the MDL 997 Class. CVS Revco D.S. ("Revco"), which at the time was entitled Revco D.S., Inc., opted out of the Class and joined with other chain retail pharmacies in bringing a case entitled Rite Aid Corp. v. American Home Products Corp., Civ. No. 94-CV-1200 (the "Rite Aid Action"), in the U.S. District Court for the Middle District of Pennsylvania. Two pharmacies purchased by Revco in 1994, Hook-SupeRx, Inc., and its subsidiary Brooks Drug, Inc., also opted out of the Class and brought an independent action in the Middle District of Pennsylvania. See Hook-SupeRx, Inc. v. Abbot Laboratories, Civ. No. 95-CV-0498 (the "Hook-SupeRx Action"). Those actions are currently before this Court for pretrial proceedings as part of MDL 997.

On January 31, 1996, certain MDL 997 defendants, including Glaxo Wellcome, Inc. ("Glaxo"), Merck, Inc. ("Merck"), and Zeneca, Inc. ("Zeneca"), entered into a settlement agreement with the Class. (See Complaint in Civ. No. 01 C 2784, Exh. A (the "1996 Settlement").) The Court approved the settlement, as amended, on June 24, 1996. The 1996 Settlement includes a provision releasing the settling defendants from all past, present, or future claims brought by "any class plaintiff or plaintiffs or any member or members of the Class who have not timely excluded themselves from the Class Action (including any of their past, present or future officers, directors, stockholders, agents, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors, and assigns)" and arising out of the conduct alleged in the Class complaint. (See 1996 Settlement ¶ 15.)

On July 14, 1998, MDL 997 defendant Abbott Laboratories ("Abbott") entered into a settlement agreement with the Class. (See Complaint in Civ. No. 01 C 2772, Exh. A (the "Abbott Settlement").) The settlement was approved by the Court on September 10, 1998. The Abbott Settlement includes a release provision identical in all relevant respects to the release contained in the 1996 Settlement. (See Abbott Settlement ¶ 14.)

On February 6, 1997, after the 1996 Settlement but prior to the Abbott Settlement, CVS Pharmacy's parent, CVS Corporation ("CVS Corp.") purchased Revco. As a result of this transaction, CVS Pharmacy and Revco became corporate affiliates. Since that time, Revco has continued to litigate its opt-out claims and those of Brooks and Hook-SupeRx in pretrial proceedings before this Court.

On April 19, 2001, Abbott filed civil action no. 01 C 2772 against CVS Pharmacy, CVS Corp., and Revco, alleging that Revco's claims in the Rite Aid and Hook-SupeRx Actions are barred by the release provision in the Abbott Settlement. Abbott seeks a declaratory judgment stating that Revco, including Hook-SupeRx and Brooks, is and was at all relevant times a "present affiliate" of CVS within the meaning of the Abbott Settlement and that Revco's claims based on Abbott's conduct prior to July 14, 1998, were released pursuant to paragraph 14 of that agreement. In addition, Abbott seeks to enjoin CVS Corp. and Revco from proceeding with the Rite Aid and Hook-SupeRx Actions in any court to which they may be remanded until this Court has entered in the declaratory relief action a final judgment which is no longer subject to appeal or review.

Also on April 19, 2001, Glaxo, Merck, and Zeneca filed civil action no. 01 C 2784 against the same defendants, seeking declaratory and injunctive relief based on the release provision in the 1996 Settlement. Glaxo then voluntarily dismissed all of

its claims as moot pursuant to the Court's June 27, 2001 Order dismissing Glaxo from the Rite Aid and Hook-SupeRx Actions. Merck, and Zeneca claim that Revco, including Hook-SupeRx and Brooks, is a "future affiliate" of CVS within the meaning of the 1996 Settlement and that its claims against Merck and Zeneca based on their conduct prior to January 31, 1996, were released by that agreement. They seek a declaratory judgment to this effect and injunctive relief identical to that sought in the Abbott action.

On May 14, 2001, Defendants CVS Pharmacy, CVS Corp., and Revco (collectively, the "Pharmacy Defendants") moved to dismiss the complaints in the above-captioned actions. Although the actions have not been formally declared to be related actions, they present virtually identical issues of law and fact for purposes of the Pharmacy Defendants' motions to dismiss. In fact, the Pharmacy Defendants filed identical briefs in both cases, though Abbott on the one hand, and Merck and Zeneca on the other (collectively, the "Manufacturers" or "Plaintiffs") filed separate responses. For purposes of judicial economy, therefore, this opinion considers the two cases together, and our holding applies equally to both.

## DISCUSSION

### I. Laches

We must first address the question of whether, as the Pharmacy Defendants maintain, the complaints should be dismissed as barred by the doctrine of laches.

- 5 -

Under Illinois law, which the parties appear to agree governs the question, the defense of laches is generally unavailable in suits for damages for breach of contract. See Maksym v. Loesch, 937 F.2d 1237, 1248 (7th Cir. 1991) (citing cases). The defense is, however, available in suits at law to the extent that they seek both legal and equitable or quasi-equitable remedies. Id. (recognizing that Illinois courts have held laches to be available in suits involving "orders to do or not do rather than orders to pay"); Lee v. City of Decatur, 627 N.E.2d 1256, 1259, 256 Ill. App. 3d 192 (4th Dist. 1994) (laches available where plaintiff asserts both monetary and equitable claims); Coleman v. O'Grady, 565 N.E.2d 253, 258, 207 Ill. App. 3d 43 (1st Dist. 1990) (same). The Manufacturers' claims for injunctive relief and a declaratory judgment precluding continued litigation of Revco's opt-out claims clearly fall into this latter category, and laches is, at least in theory, available as a defense to the actions.

The Manufacturers protest that laches must be pled as an affirmative defense and is inappropriate for adjudication on a motion to dismiss. In ruling on Defendants' Rule 12(b)(6) motion to dismiss, we must accept all well-pleaded allegations of the complaints as true and construe them in the light most favorable to the Manufacturers. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir. 1999). The allegations of the complaints should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994).

To succeed on a claim of laches, a defendant must show both "a lack of diligence by the party against whom the defense is asserted and prejudice to the defending party." Lingenfelter v. Keystone Consolidated Indus., Inc., 691 F.2d 339, 340 (7th Cir. 1982); see also Lee v. City of Decatur, 627 N.E.2d at 1258. The nature of this inquiry is such that most courts have found the defense of laches to present questions of fact unsuitable for resolution at the pleading stage. See, e.g., Topping v. Fry, 147 F.2d 715 (7th Cir. 1945); Trans World Airlines, Inc. v. Flyer's Edge, 1989 WL 122391, at *3 (N.D. Ill. Sept. 29, 1989); Sherman v. Standard Rate Data Service, Inc., 709 F. Supp. 1433 (N.D. Ill. 1989). Accord Wright & Miller, 5 Federal Practice and Procedure Civ.2d § 1277 ("[A] complaint seldom will disclose facts clearly establishing the defense of laches and a motion to dismiss generally is not a useful vehicle for raising the issue....") A few courts in this circuit have nevertheless recognized that where laches is apparent on the face of the complaint, it is properly raised in a motion to dismiss. See Arclar Co. v. Gates, 17 F. Supp. 2d 818, 823 (S.D. Ill. 1998); Credit Information Systems, Inc. v. Employers Reinsurance Corp., 1987 WL 7824, at *1 (N.D. Ill. 1987).

The complaints in this case allege that CVS Corp. acquired Revco in 1997 and that both settlement agreements were signed by 1998. The instant actions were not

filed until three years later, in June 2001. The Pharmacy Defendants argue that this delay, for which the Manufacturers have offered no excuse, is sufficient to raise a presumption that Defendants have been prejudiced. See Lingenfelter v. Keystone Consolidated Indus., 691 F.2d 339, 341 (7th Cir. 1982). A three-year delay in a case where the limitations period is ten years is not so inexcusable as to support a claim for laches without an additional showing of prejudice. Moreover, even if prejudice could be presumed from the delay, the presumption is rebuttable, and the Manufacturers are entitled to an opportunity to demonstrate that the balance of equities tilts in their favor.

To illustrate this point, we address briefly the Pharmacy Defendants' allegations of prejudice caused by the Manufacturers' delay. Defendants claim that if the Manufacturers had brought and prevailed on their release claim at an earlier stage of the MDL proceedings, Revco "would have made drastically different strategic and economic decisions" and might have saved the "significant economic resources" it has since spent on that litigation. In addition, Defendants argue that if faced with a valid release defense, Revco and hundreds or thousands of other opt-out plaintiffs would have sought to participate in the Class fund. The facts necessary to evaluate these claims, and to weigh them against Defendants' justifications for bringing the release claim at this stage, are not found on the face of the Manufacturers' complaints. And while the Court may take judicial notice of certain facts, such as the docket sheet in

MDL 997, there remain critical gaps in the record, gaps which must be filled before the Court can properly adjudicate Defendants' laches claim.

For these reasons, the motion to dismiss the complaints pursuant to the equitable doctrine of laches is denied.

## II. Proper parties to the actions

The Pharmacy Defendants next move pursuant to Rule 12(b)(1) to dismiss the claims against CVS Pharmacy and CVS Corp. for lack of subject matter jurisdiction. They argue that there is no actual controversy between the Manufacturers and CVS Pharmacy or CVS Corp, as required by Article III of the United States Constitution. See Hinrichs v. Whitburn, 975 F.2d 1329, 1333 (7th Cir. 1992). In particular, Defendants claim that neither CVS Pharmacy nor CVS Corp. is litigating or has threatened to litigate any claims against the Manufacturers in violation of the terms of the release. Accordingly, Defendants argue, the claims against those Defendants are not ripe.

The Pharmacy Defendants are simply incorrect with respect to CVS Corp; the complaint does state a claim and seek relief against this Defendant. For purposes of the motion to dismiss we must assume that CVS Corp. is bound by the terms of the 1996 and Abbott Settlements, since the complaints allege that in entering into these settlement agreements CVS Pharmacy acted as CVS Corp.'s agent. Moreover, both complaints allege that CVS Corp., as Revco's parent company, controls Revco

generally and the litigation of Revco's opt-out claims in particular. Defendants may be able to demonstrate consistent with these allegations that CVS Corp. has breached the 1996 and Abbott Settlements by continuing to litigate Revco's opt-out claims. Because CVS Corp. disputes such liability, there is a present case or controversy between it and the Manufacturers.

We also conclude that CVS Pharmacy is a proper party to the actions. The Manufacturers' complaints assert declaratory and injunctive relief claims that turn on the interpretation of the 1996 and Abbott Settlements. These claims are predicated on the status of CVS Pharmacy as a party to the settlement agreements and the nature of its relationships with CVS Corp. and Revco. This is not a situation in which the Manufacturers' claims are "hypothetical, speculative, or illusory" and thus unripe. Hinrichs, 975 F.2d at 1333. Rather, the Manufacturers point to an "actual, concrete conflict[]" created by obligations CVS Pharmacy undertook and promises it made when attempting to settle its MDL 997 claims. Id. Accordingly, CVS Pharmacy is a proper party to the Manufacturers' actions and the motions to dismiss the claims against it for want of an actual controversy are denied.

### III. Declaratory judgment actions

We finally reach the Pharmacy Defendants' primary argument for dismissal: they contend that the scope and applicability of the releases should be litigated in the form

of affirmative defenses in the opt-out cases rather than in the independent actions presently before the Court. The existence of another adequate remedy does not bar an action for declaratory relief. See Fed. R. Civ. P. Rule 57. However, federal courts have discretion to decline to hear a declaratory judgment action even if it is within their jurisdiction. Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S. Ct. 2137 (1995).

The Manufacturers maintain that the declaratory judgment actions are proper and that paragraph 27 of the 1996 Settlement and paragraph 26 of the Abbott Settlement preclude Defendants from asserting a contrary argument. The relevant section, which is identical in both settlement agreements, provides in part that the settling MDL 997 defendants "and each member of the class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement...." It further provides that "any dispute concerning the [release] constitutes a suit, action or proceedings arising out of or relating to this Settlement Agreement and exhibits hereto."

At a minimum, these provisions obligate CVS Pharmacy to submit to the jurisdiction of this Court with respect to any dispute regarding the scope and application of the release provisions of the 1996 and Abbott Settlements. The Manufacturers cannot therefore be forced to litigate their claims against CVS Pharmacy in the context of the Rite-Aid and Revco Actions, both of which are due to be

remanded to the Middle District of Pennsylvania. See Mar. 22, 2001, Minute Order (recommending remand of all MDL 997 opt-out plaintiffs' Sherman Act claims). Under these circumstances, judicial economy dictates maintaining the independent declaratory judgment actions in this Court as to all three Pharmacy Defendants.

We recognize that courts may dismiss a declaratory judgment action on the ground that it is duplicative of a pending action in another court. See, e.g., Chrysler Credit Corp. v. Marino, 63 F.3d 574, 578 (7th Cir. 1995); Asset Allocation Management Co. v. Western Employers Ins. Co., 892 F.2d 566 (7th Cir. 1989). But while there is certainly a relationship between the events in MDL 997 and the claims in the cases at bar, we do not believe that the two actions are sufficiently parallel to mandate dismissal of the Manufacturers' complaints. CVS Pharmacy is no longer involved in MDL 997 and is a proper party to the current suits. Moreover, the contract interpretation questions raised by the Manufacturers' claims do not substantially overlap with the antitrust issues at stake in MDL 997. The allegations of release are collateral to, rather than duplicative of, the claims in the opt-out actions.

For these reasons, we conclude that the Manufacturers' actions for declaratory and injunctive relief is an appropriate vehicle for consideration of whether the continued litigation of Revco's opt-out claims in MDL 997 is barred by the terms of the 1996 and Abbott Settlements. Accordingly, the motions to dismiss the complaints for failure to state a claim are denied.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the complaints in the above-captioned actions are denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: July 10, 2001